**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **JEROME WILLIAMS,** | : | |
| | : | |
| Petitioner, | : | **REPORT AND** |
| | : | **RECOMMENDATION** |
| - against - | : | |
| | : | **02 Civ. 5446 (DAB) (RLE)** |
| **EKPE D. EKPE, SUPERINTENDENT,** | : | |
| | : | |
| Respondent. | : | |

**To the HONORABLE DEBORAH A. BATTS, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* petitioner, Jerome Williams ("Williams"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on December 9, 1999, in New York State Supreme Court, New York County.  Williams was convicted of criminal sale of a controlled substance in the fourth degree.  He was sentenced, as a persistent felony offender, to an indeterminate term of three to six years.  He is currently in the custody of the New York State Department of Correctional Services, Division of Parole.  He challenges his conviction on the grounds that: 1) it was based on legally insufficient evidence; 2) his waiver of trial by jury was invalid; and 3) the trial court unfairly limited the cross-examination of prosecution witnesses.  For the reasons set forth below, I recommend that the petition be **DENIED**.

## II. BACKGROUND

### A.     Factual Background

On April 3, 1999, Detectives Treemayne Evans, Vincent Ling, and Ronald Torres were conducting an undercover narcotics operation at 124th Street and Lenox Avenue in Manhattan, near a methadone clinic.  Trial Transcript ("Tr.") 165.  Evans approached Williams and asked to

buy methadone.  **Id**. at 44, 46-48, 55, 57.  Williams gave Evans a prescription bottle containing methadone.  **Id**. at 46.  Evans paid Williams twenty dollars in pre-recorded money.  **Id**. at 62. After completing the transaction, Evans contacted his back-up team and gave them Williams's description – a black man, about five-foot-eleven-inches tall, weighing about one-hundred-and-sixty pounds, who appeared to be in his mid to late forties, wearing glasses and a black baseball cap and jacket.  **Id**. at 47-48, 58, 64, 66, 71, 103-104.  Williams was subsequently arrested.  **Id**. at 69-70.  At the time of his arrest, Williams was carrying an empty prescription bottle of methadone and twenty dollars in pre-recorded money.  **Id**. at 178-81, 199, 201.

Williams argues that he was indiscriminately arrested.  More specifically, he testified at trial that he 1) had a prescription for the methadone he was carrying; 2) did not have a conversation with an undercover officer; 3) did not give an undercover officer a bottle of methadone; and 4) did not receive any money in exchange for a bottle of methadone.  **Id**. at 216-233.

## B.    Procedural History

On April 15, 1999, Williams was indicted on one count of criminal sale of a controlled substance in the fourth degree and one count of criminal possession of a controlled substance in the seventh degree under New York Penal Law ("N.Y.P.L.") §§ 220.34 and 220.03, respectively. On September 27, 1999, the trial court denied Williams's motion to suppress evidence.  Hearing Transcript 29-30.

Williams had two youthful offender convictions from 1967 and 1968; robbery convictions from 1971 and 1980; misdemeanor convictions for failing to pay the subway in 1991 and 1997, and for possession of a controlled substance in 1993.  **Id**. 6-12.  On November 16,

1999, the court held a **_Sandoval_** [**_People v. Sandoval_**, 34 N.Y.2d 371 (1974)] hearing and granted the prosecution leave to examine Williams on the 1980 robbery conviction and two misdemeanor offenses for failure to pay the subway, but limited the questions to the nature of the crime and the dates of convictions. **Id**. at 11-12, 226-27.

After a bench trial, William was found guilty of fourth degree criminal possession of a controlled substance on November 22, 1999. Tr. at 247. On December 9, 1999, as a persistent felony offender, he was sentenced to an indeterminate term of three to six years. Sentencing Transcript 4. On December 6, 2001, the conviction was affirmed by the Appellate Division, First Department. Declaration of Willa J. Bernstein in Opposition to Writ of Habeas Corpus, dated January 13, 2003 ("Bernstein Decl."), at Exh. C. The court held that 1) his conviction was based on legally sufficient evidence; 2) issues of credibility were properly resolved by the trier of fact; and 3) his waiver of trial by jury was valid. **Id**. The Court of Appeals denied Williams's application for leave to appeal on April 16, 2002.

### III. DISCUSSION

A.      **Timeliness**

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. **_See_** 28 U.S.C. § 2244(d)(1). A conviction becomes final when the time to seek direct review in the United States Supreme Court by writ of certiorari expires, that is, ninety days after the final determination by the state court. **Williams v. Artuz**, 237 F.3d 147, 150 (2d Cir. 2001) (**_quoting_** **Ross v. Artuz**, 150 F.3d 97, 98 (2d Cir. 1998). Since the New York State Court of Appeals denied Williams's application for leave to appeal on April 16, 2002, his petition for a writ of habeas corpus, filed on July 16, 2002, is timely.

**B.      Exhaustion of Claims**

Pursuant to 28 U.S.C. § 2254(b), as amended by the Antiterrorism and Effective Death

Penalty Act ("AEDPA"), the Court may not consider Williams's petition for habeas corpus

unless he has exhausted all state judicial remedies.  28 U.S.C. § 2254(b)(1)(A); **Picard v.**

**Connor**, 404 U.S. 270, 275 (1971); **Dorsey v. Kelly**, 112 F.3d 50, 52 (2d Cir. 1997).  This

requirement of exhaustion is "based on considerations of comity between federal and state

courts, ensuring that the state courts have an opportunity to consider and correct any violations of

their prisoners' federal constitutional rights."  **Warren v. McClellan**, 942 F. Supp. 168, 170

(S.D.N.Y. 1996) (*citing* **Picard**, 404 U.S. at 275).  In order to satisfy substantive exhaustion,

Williams's claim before the state courts must have been federal or constitutional in nature.

Although not an exacting standard, Williams must have informed the state courts of  "both the

factual and the legal premises of the claim [he] asserts in federal court."  **Jones v. Vacco**, 126

F.3d 408, 413 (2d Cir. 1997) (*quoting* **Daye v. Attorney General**, 696 F.2d 186, 191 (2d Cir.

1982) (*en banc*)).   He could have met this requirement by:

> (a) reliance on pertinent federal cases employing constitutional
> analysis, (b) reliance on state cases employing constitutional
> analysis in like fact situations, (c) assertion of the claims in terms
> so particular as to call to mind a specific right protected by the
> Constitution, and (d) allegation of a pattern of facts that is well
> within the mainstream of constitutional litigation.

**Daye**, 696 F.2d at 194.  Procedurally, Williams must have utilized all avenues of appellate

review within the state court system before proceeding to federal court.  *See* **Bossett v. Walker**,

41 F.3d 825, 828 (2d Cir. 1994).  He must have raised a federal claim at each level of the state

court system, "present[ing] the substance of his federal claims 'to the highest court of the

pertinent state.'" **Id**. (*quoting* **Pesina v. Johnson**, 913 F.2d 53, 54 (2d Cir. 1990).

Williams properly raised two claims – the sufficiency of the evidence and waiver of trial by jury – in both his direct appeal to the Appellate Division and in his application for leave to appeal to the Court of Appeals.  These claims are exhausted and reviewable by this Court. However, Williams did not present his third claim – concerning the limited cross-examination of prosecution witnesses – to the state appellate courts.  This claim is therefore unexhausted.  **White v. Keane**, 969 F.2d 1381, 1383 (2d Cir. 1992); **Diaz v. Herbert**, 317 F. Supp. 2d 462 (S.D.N.Y. 2004).  However, the Court can deny a claim on the merits even if its unexhausted.  28 U.S.C. § 2254(b)(2).

**C.      Review on the Merits**

**1.      The Legal Standard**

Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, this Court should grant a writ of habeas corpus only if one of two conditions is satisfied: the state court adjudication 1) resulted in a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or 2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.  **Williams v. Taylor**, 529 U.S. 362, 412 (2000); *see also* **Shabazz v. Artuz**, 336 F.3d 154, 160-61 (2d Cir. 2003).  A state court decision is contrary to federal law if the state court applies "a conclusion opposite to that reached by [the] Supreme Court on a question of law" or if it "decides a case differently than [the] Supreme Court has on a set of materially indistinguishable facts."  **Williams**, 529 U.S. at 413.  A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal principle from [the] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." **Id**.  "Clearly established federal law" refers only to Supreme Court "holdings, as opposed to the dicta, of its decisions as of the time of the relevant state court decision." **Id**. at 412.

An adjudication on the merits occurs when a state court: "(1) disposes of the claims 'on the merits;' and (2) reduces its disposition to judgment." **Sellan v. Kuhlman**, 261 F.3d 303, 312 (*quoting* 28 U.S.C. § 2254(d)).  State courts are not required to explain their reasoning process in order to adjudicate on the merits.  **Id**. at 311.  Since Williams's exhausted claims were adjudicated on the merits in the appellate court, this Court must review them under the standard of deference set forth in 28 U.S.C. § 2254(d)(1).

### 2.        The Legal Sufficiency of Williams's Conviction

Williams claims that his conviction was based on legally insufficient evidence.  He argues that the underlying drug transaction simply did not take place because the undercover police officers did not have enough money to buy methadone, and that the testimony offered by the police officers was false, inaccurate, contradictory and inconsistent, particularly with respect to his description and clothing.

Under New York State law, to establish Williams's guilt for criminal sale of a controlled substance in the fourth degree, the prosecution was required to show that he knowingly and unlawfully sold methadone. N.Y.P.L. § 220.34(5).  The Court is required to consider the trial evidence in the light most favorable to the prosecution and uphold the conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." **Jackson v. Virginia**, 443 U.S. 307, 319 (1979) (emphasis in original); **Einaugler v. Supreme Court of the State of New York**, 109 F.3d 836, 840 (2d Cir. 1997).  At trial, Evans testified that

he approached Williams and purchased methadone with pre-recorded money.  His testimony indicated that he had the opportunity to observe Williams closely during the transaction for a significant period of time.  He identified Williams and described him to the police officers who effectuated the arrest immediately after the drug transaction.  At the time of the arrest, Williams was carrying twenty dollars in pre-recorded money.  The jury apparently credited this testimony. The evidence is sufficient to establish that Williams knowingly and unlawfully sold methadone to an undercover police officer.  I recommend, therefore, that this claim be **DENIED**.

### 3.       Waiver of Trial by Jury

Williams contends that his waiver of trial by jury was invalid.  He does not contest that his waiver was voluntary, knowing, and intelligent.  Instead, he argues that his waiver was untimely and defective because voir dire had commenced and eight jurors had been impaneled. Williams cites New York Criminal Procedure Law ("N.Y.C.P.L.") § 320.10(1) and the Sixth Amendment in support of this contention.

The record indicates that Williams requested a bench trial after several jurors were impaneled.  Voir Dire Transcript ("Voir Dire Tr.") 82.  The court said that voir dire had commenced and that it might be too late to waive a jury trial.  **Id**.  After additional jurors were impaneled, Williams renewed his request for a bench trial.  **Id**. at 206.  Since his request was unclear, **id**. at 208, the court directed him to think about it overnight and to apprise the court of his decision the following day.  **Id**. at 207, 210.  The next day, Williams asserted that he had conferred with his attorney, requested a bench trial, and signed a form waiving his right to a jury trial.  Tr. at 2-3.

The right to a jury trial in criminal cases is a fundamental constitutional right.  **Duncan v.**

7

**State of Louisiana**, 391 U.S. 145 (1968).  Williams may waive this right provided that his actions reflect "an intentional relinquishment or abandonment of a known right or privilege." **Johnson v. Zerbst**, 304 U.S. 458, 464 (1938); **Patton v. United States**, 281 U.S. 276, 312-313. To validly waive a trial by jury, William must have acted expressly, voluntarily, knowingly, and intelligently; executed a written waiver in open court; and obtained the consent of the prosecution and the sanction of the court.  **Singer v. United States**, 380 U.S. 24, 39 (1965); **United States v. Martin**, 704 F.2d 267, 271-73 (6th Cir. 1983); **Folak v. United States**, 474 U.S. 827 (1985).  Here, the trial court complied with the constitutional requirements.  When Williams apprised the court of his interest in waiving a jury trial, he was directed to think about his decision overnight.  The court informed Williams that he would have to sign a written waiver, and explained the effects of the waiver.  Voir Dire Tr. at 206-08.  When Williams finally apprised the court of his decision, the court explained again the meaning of such waiver.  Tr. at 3. After Williams reaffirmed his desire to waive a jury trial, the court proceeded with a waiver in open court.  The waiver was signed by Williams and his attorney.  The Court finds that Williams made a knowing and informed decision to waive his right to a jury trial.

Williams's claim concerning the timeliness of his waiver is not a matter of federal constitutional law.  Under New York State law, Williams "may at any time before trial waive a jury trial and consent to a trial without a jury."  N.Y.C.P.L § 320.10(1).  The partial selection of jurors does not constitute the beginning of trial under § 320.10(1).  **People v. Rodriguez**, 186 A.D.2d 63 (App. Div. 1st Dep't 1992).  I recommend, therefore, that this claim be **DENIED**.

#### 4.        Cross-Examination of a Prosecution Witness

Williams argues that the trial court did not provide him with an opportunity to cross examine a prosecution witness.  More specifically, he contends that the court erred by unfairly limiting cross-examination concerning the witness's prior inconsistent statements.  Since Williams failed to raise this claim on appeal to the Appellate Division, First Department, and the Court of Appeals, this claim is unexhausted.  Even if this claim were exhausted, however, the Court finds that it is meritless because the trial court allowed Williams's counsel to examine all prosecution witnesses.  *See* 28 U.S.C. § 2254(d)(1).  I recommend, therefore, that this claim be **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, I recommend that Williams's petition for a writ of habeas corpus be **DENIED**.  Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, and to the chambers of the undersigned, Room 1970.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: August 29, 2006**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**Copies of this Report and Recommendation were sent to:**

Jerome Williams
1851 Phelan Place
Bronx, NY 10453

Luke Martland
Office of the Attorney General of the State of New York
120 Broadway
New York, NY 10271-0332

10